10-2341-pr
Clay v. Kellmurray

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                    CHRISTOPHER F. DRONEY,
                                        *Circuit Judges*,

------------------------------------------------------------------

DANIEL CLAY,
                                        *Plaintiff-Appellant*,

                    v.                                        No. 10-2341-pr

KELLMURRAY, R.N., CLINTON CORRECTIONAL FACILITY,
                                        *Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:          RICHARD D. SALGADO (David L. Horan, *on the brief*),
                                  Jones Day, Dallas, TX.

1

FOR APPELLEE:          MARTIN A. HOTVET, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Kate H. Nepveu, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*; David R. Homer, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Daniel Clay, an inmate in the custody of the Department of Correctional Services, sued C. Kellmurray, a registered nurse at Clinton Correctional Facility, pursuant to 42 U.S.C. § 1983, claiming that Kellmurray violated his Eighth Amendment rights when she did not administer his medication for a thyroid condition during the period from November 29 to December 2, 2005.  Clay now appeals from the May 13, 2010 judgment of the United States District Court for the Northern District of New York granting Kellmurray's motion for summary judgment.  Because Clay proffered no evidence from which Kellmurray could be found to have acted with deliberate indifference to Clay's medical needs, we affirm the judgment of the District Court.

We review an award of summary judgment <u>de</u> <u>novo</u>.  <u>See</u> <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 101 (2d Cir. 2010).  "Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Rojas v. Roman Catholic Diocese of Rochester</u>, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical

2

needs.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A showing of deliberate indifference has two components. "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind," id. at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." Chance, 143 F.3d at 703; see also Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) (emphasizing that deliberate indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.").

Even if we were to determine that leaving Clay unmedicated for three days constituted a sufficiently serious deprivation to establish the objective element of a claim of deliberate indifference, summary judgment was appropriate because there was no evidence that Kellmurray acted with a sufficiently culpable state of mind.

Clay argues that Kellmurray recklessly disregarded risks to his health by failing to write or refill a prescription to ensure that he received one tablet of his thyroid medication per day, even though she knew that his prescription required that dosage. In a declaration submitted in connection with the summary judgment motion, however, Kellmurray explained that, as a registered nurse, she lacked the authority to write a new prescription or to refill the existing one even if it had been medically appropriate to provide Clay with more medication. Kellmurray also stated in her declaration that she learned from Clay on November 29, 2005 that he had been "taking two pills a day instead of the prescribed one pill a day," that she "ha[s] a medical responsibility to notify the appropriate medical staff" of a prisoner's overuse of his medication "when [she] become[s] aware of" such a fact, and that "[t]his is precisely what [she] did in this case." Clay failed to refute those

3

assertions. Accordingly, there is no record evidence that Kellmurray acted with deliberate indifference to Clay's medical needs.

We have considered Clay's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
